## UNITED STATES BANKRUPTCY
## NORTHEN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re:    Case No. 15-25897 | ) |
| MAUREEN A. DWYER, | ) |
|    Debtor, | ) BK No. 15-25897 |
| THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, | ) Adv. Pro. No. 15-00810 |
|    Plaintiff, | ) |
| v. | ) Honorable Jack B. Schmetterer |
| MAUREEN A. DWYER, | ) |
|    Defendant. | ) |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter coming on to be heard on the adversary complaint in the above matter and after review and consideration of the complaint and evidence in support thereof, including the Certificate of Commissioner of Unemployment Compensation issued pursuant to 820 ILCS 405/2302, the court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052:

### FINDINGS OF FACT

1. The defendant, MAUREEN A. DWYER, was employed by Roseland Community Hospital, for the weeks ending July 27, 2013 through December 28, 2013.

2. The defendant earned wages for said periods as set forth in the employer's Wage Inquiry Packet and in the Notice of Fraud Decisions.

3. During the same period of time the defendant applied for and received unemployment benefits totaling $9,499.00.

4. The defendant did not report her employment or her earnings during these periods.

5. As of January 11, 2016, the sum of $9,499.00 is due.

## CONCLUSIONS OF LAW

1. Through her false representations, the defendant received a total of $9,499.00 in unemployment benefits to which she was not entitled.

2. As of January 11, 2016, the defendant is indebted to plaintiff in the sum of $9,499.00.

3. Pursuant to 11 U.S.C. §523(a)(2)(A) of the Bankruptcy Code, said debt is not dischargeable as it is a debt for obtaining money by false representations.

4. Defendant's debt to plaintiff is excepted, under 11 U.S.C. §523(a)(2)(A), from any discharge granted the defendant in the underlying bankruptcy case.

Enter: _____

Dated: 1/11/16

JAN 11 2016

-2-